UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEWAYNE GEE,

Plaintiff,

v.

OFFICER R. SMITH, et al.,

Defendants.

Case No. 25-cv-12353

Honorable Robert J. White

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND DENYING THEIR MOTION TO STAY THE CASE AS MOOT**

Dewayne Gee commenced this *pro se* 42 U.S.C. § 1983 action against two Bloomfield Township police officers as well as the Township Police Department (the Township Defendants" collectively). The complaint alleges, among other things, that the officers stopped his vehicle and detained him unlawfully because of his race. Gee also maintains that the officers used excessive force when they handcuffed him tightly and refused to adjust them. The district judge previously assigned to this case granted Gee's application to proceed without paying the filing fee. (ECF No. 5).

Before the Court is the Township Defendants' motion to dismiss the complaint. (ECF No. 13). Gee responded in opposition. (ECF No. 15). The Township Defendants filed a reply. (ECF No. 16). Also before the Court is the

Township Defendants' motion to stay the case pending the disposition of the dismissal motion. (ECF No. 14). Gee did not oppose this motion. For the following reasons, (1) the dismissal is denied, and (2) the stay motion is denied as moot.

The Township Defendants move to dismiss the complaint on two alternative grounds; that both the *Younger* and *Colorado River* abstention doctrines compel dismissal of this case. (ECF No. 13, PageID.34-39). *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* abstention is required when there is (1) an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017); *see also Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (observing that *Younger* abstention is "required . . . [w]hen there is a parallel, pending state criminal proceeding").

*Colorado River* abstention is available when (1) ongoing state and federal proceedings are parallel, and (2) *Colorado River*'s eight factors weigh in favor of abstention. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998). The eight factors are:

> (1) whether the state court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of

> governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* at 340-41 (citations omitted).

Neither abstention doctrine is available now. The state district court docket indicates that Gee pleaded guilty to failing to display a valid driver's license, the case is now closed, and the time for filing an appeal has expired.[1]

And without an ongoing state-court proceeding, both abstention doctrines are inapplicable. *See Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 605-06 (6th Cir. 2007) (*Younger* abstention inapplicable where "proceedings in the state court have long since concluded" and "there are no proceedings in the state courts for the federal courts to defer to."); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 329 (6th Cir. 1998) ("Where . . . there is no presently ongoing state proceeding parallel to the federal case, the exceptional circumstances necessary for *Colorado River* abstention do not exist.").

This disposition renders the Township Defendants' stay motion moot. Accordingly,

---

[1] *See* MiCourt Case Search, 48th District Court-Bloomfield Hills, *Township of Bloomfield v. Gee*, Case No. 2025-25BT02849-OT, https://micourt.courts.michigan.gov/case-search/court/D48/(last accessed Sep. 18, 2026).

IT IS ORDERED that the Township Defendants' motion to dismiss the complaint (ECF No. 13) is denied.

IT IS FURTHER ORDERED that the Township Defendants' motion to stay this case pending the disposition of the dismissal motion (ECF No. 14) is denied as moot.

Dated: September 21, 2026

s/ Robert J. White
Robert J. White
United States District Judge